IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ARSENIO ORTEZ BUCKLEY                                                                    PLAINTIFF

v.                                         Civil No. 6:22-CV-06128-SOH-BAB

BAPTIST HEALTH MEDICAL CENTER,[1]                                              DEFENDANTS
JOHN OR JANE DOE #1 CSN and JOHN OR
JANE DOE #2 MRN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[2] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on December 19, 2022. (ECF No. 1). That same day, the Court entered a provisional filing Order directing Plaintiff to file an Amended Complaint to correct deficiencies in the first Complaint. (*Id*. at 3). Plaintiff filed his Amended Complaint on January 3, 2023. (ECF No. 5).

---

[1] Plaintiff listed the Defendant as Baptist Medical Health Center.
[2] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

In his Amended Complaint, Plaintiff names the Baptist Health Medical Center in Clark County, Arkansas, and two Doe hospital staff members as the sole Defendants.[3] (*Id*. at 2-3). Plaintiff indicates that he was convicted and serving a sentence at the Dumas City Jail. (*Id*. at 2, 4). He alleges that on July 22, 2022, he had a seizure while he was incarcerated. (*Id*. at 4). He alleges he was brought to the Baptist Health Medical Center, where the Doe CSN and MRN placed him "on a heart monitor and blood pressure machine," but failed to do any "kind of blood test." (*Id*. at 4-5). Plaintiff alleges: "Baptist didn't do their job and take this seireusly. I'm still not knowing what cause tis seizure or what may trigger it and the bad thing I will have to deal with this for the rest of my life." (*Id*. at 5). Plaintiff further alleges "Instead of trying to figure out the problem they rush me out so they can take me back to jail." (*Id*.).

Plaintiff proceeds against Defendants in their official and individual capacities. (*Id*. at 5). Plaintiff did not check the boxes on the form to indicate what type of damages he seeks. (*Id*. at 9). Instead, he states: "I feel like I'm entitle to $20 million because no blood test was taking to see what cause is now I'm on Levetiraceta 250mg for my seizures and this no guaranteed to save me for the rest of my life." (*Id*.).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to

---

[3] Baptist Health Medical Center–Arkadelphia is part of Baptist Health, a non-profit health care organization based in Arkansas according to its website. *See*, https://www.baptist-health.com/about-baptist-health-arkansas/.

2

be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff failed to state any plausible claims under § 1983.  Based on Plaintiff's allegations, the Baptist Health Medical Center and its staff were not state actors.  Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the Court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Resolving this question entails a journey down a particularly fact-bound path, *see id.* at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way. To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* at 937, 102 S. Ct. at 2753. Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir. 1987) (repeating two-part test).

*Montano*, 120 F.3d at 848.

Here, Plaintiff alleges that he suffered a seizure while incarcerated in the Dumas City Jail, was taken to the Baptist Health Medical Center, received medical care, and was then sent back to jail. He alleges he now receives medication for seizures. Plaintiff does not indicate how long he was at the Baptist Health Medical Center on July 22, 2022, but he alleges they "rushed him out" quickly, permitting the Court to infer that he made a single visit to the emergency room. Nothing in these allegations permits the inference that the Baptist Health Medical Center or its staff were state actors.[4] "[P]rivate conduct, no matter how egregious, discriminatory, or

---

[4] A recent decision by the Eighth Circuit found that a private residential psychiatric hospital could be considered a state actor when it provided medical care for juvenile in state custody at the request of the state for a period of several months, the state division of juvenile services had sole discretion to choose child's medical providers, the facility took complete day-to-day responsibility for every aspect of her care under medical treatment plan with division's input after her suicide attempt at state's youth correctional center, and the facility had state employee involved in child's treatment plan. *Roberson v. Dakota Boys &*

4

harmful, is beyond the reach of § 1983." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007).

Further, mere negligence or medical malpractice is insufficient to rise to the level of a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted). At most, Plaintiff's allegation that the Defendants failed to do a blood test states a claim for negligence. Thus, Plaintiff's claims against the Baptist Health Medical Center and its staff fails to state a plausible claim under § 1983 and is subject to dismissal.

### IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **1st day of February 2023**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

*Girls Ranch*, 42 F.4th 924 (8th Cir. 2022). *Roberson* is factually distinguishable from the single visit to the emergency room in this case.